_____ FILED       _____ ENTERED
_____ LOGGED     _____ RECEIVED

OCT - 1 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No.:    PJM 09-0468 |
| ANTHONY MAURICE THOMAS | * | |
| | * | |
| Defendant | * | |

### MEMORANDUM OPINION

Defendant Anthony Maurice Thomas, *pro se*, moves under 18 U.S.C. § 3582(c)(2) to reduce his criminal sentence pursuant to the Fair Sentencing Act [Paper No. 414].[1] After reviewing the Motion, and the information provided by the United States Probation Office, as adopted by the Government, for the reasons that follow, the Court will **DENY** the Motion.

### I.

On January 20, 2010, Thomas pled guilty to a single count of Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 50 or More Grams of a Mixture of Substance Containing a Detectable Amount of Cocaine Base ("Count One"), 21 U.S.C. § 846. At sentencing, his base offense level under the Sentencing Guidelines was found to be 26 because he specifically agreed in his plea agreement that at least 500 grams of cocaine were reasonably foreseeable to him. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(3) (2009) (assigning a base offense level of 26 to federal drug crimes involving at least 500 grams but less than 2 kilograms of cocaine). The Court then applied certain adjustments to Thomas' score and arrived at an adjusted offense level of 23. The plea agreement noted that the

---

[1] Although Thomas's Motion is styled as a "Motion . . . Concerning the Retroactivity Under the 'Fair Sentencing Act'", the Court will assume he seeks relief under 18 U.S.C. § 3582(c)(2).

mandatory minimum for the crime was 5 years imprisonment. According to the U.S. Sentencing

Guidelines Manual, the range of imprisonment for the crime was 60 – 63 months. The Court

sentenced Thomas to 60 months incarceration.

The U.S. Probation Office has reviewed Thomas' present Motion and has concluded that

he is not eligible for a reduction of his sentence because his offense did not involve crack

cocaine. Probation's report notes that "[although charged with an offense involving crack

cocaine, the defendant was in actuality held accountable for at least 500 grams but not more than

2 kilograms of cocaine hydrochloride."

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the

Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses,

reduced by two levels the base offense level assigned to each threshold quantity of crack listed in

the Guidelines' Drug Quantity Table. Thereafter, the Commission made Amendment 706

retroactive, effective March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir.

2010). Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1,

2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair

Sentencing Act of 2010 ("FSA") Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010).

Subsequent to that, Amendment 750 amended the drug quantity table in Section 2D1.1(c) to

reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made

retroactive by Amendment 759. *See id.*, Amend. 759.

Thomas was sentenced on August 9, 2010, just a few days after the effective date of the

Fair Sentencing Act of 2010. Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010). *See also*

*Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012) ("The new statute took effect on August 3,

2010."). This fact, however, is of no consequence in connection with Thomas' Motion. While the Supreme Court was clear in *Dorsey v. United States* that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date," 132 S. Ct. at 2331, the FSA statutorily changed the threshold quantities of *crack* cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b), but did not modify the threshold quantities of *powder* cocaine, or cocaine hydrochloride, that trigger mandatory minimum sentences.

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. 18 U.S.C. § 3582(c)(2). Upon consideration of such a motion, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

"The policy statement pertinent to a motion under [S]ection 3582(c) is [S]ection 1B1.10 of the Sentencing Guidelines Manual." *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir.2010). The amendments to the Drug Quantity Table established by Amendment 750 are among the "covered" amendments set forth in U.S.S.G. § 1B1.10(c). "Pursuant to §1B1.10(a)(2)(B), however, '[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.'" *Wade v. United States*, No. DKC 12-2442, 2013 WL 3168721 at *5 (D. Md. June 19, 2013).

**III.**

Thomas asks the Court to reduce his sentence pursuant to the Fair Sentencing Act. But again, as Probation notes in its review of his Motion, his offense did not involve crack cocaine, it was only for powder cocaine. The FSA did not lower the mandatory minimum sentence applicable to his offense, and Amendments 706 and 750 thus have no application. The amount of cocaine encompassed by Thomas' plea agreement — 500g cocaine — triggers the 5 year mandatory minimum, and that is the sentence he got. Accordingly, the Court will deny Thomas' Motion.

**IV.**

For the foregoing reasons, Thomas's Motion Concerning the Retroactivity Under the "Fair Sentencing Act" [Paper No. 434] is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**October 1, 2013**